UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
JOE HAND PRODUCTIONS, INC.,

                              Plaintiff,

             -against-

LARA TALT d/b/a BELLS KITCHEN
AND SMOKEHOUSE,

                              Defendant.
-------------------------------------------------------------------X

For Online Publication Only

**ORDER**
21-cv-05550 (JMA) (JMW)

FILED
CLERK
10:32 am, Aug 30, 2022
U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

**AZRACK, United States District Judge:**

Plaintiff Joe Hand Productions, Inc. brings this action against Defendant Lara Talt, doing business as Bells Kitchen and Smokehouse, for pirating Plaintiff's satellite and cable transmission of an October 6, 2018 Ultimate Fighting Championship event (the "Event") in violation of the Federal Communications Act of 1934, 47 U.S.C. §§ 553, 605 (the "FCA"). Before the Court is Plaintiff's motion for a default judgment seeking statutory damages, enhanced statutory damages, attorney's fees, and costs. (ECF No. 8.) For the following reasons, Plaintiff's motion is GRANTED.

                    I.     DISCUSSION

**A. Defendant Defaulted**

The record reflects that Defendant was properly served in this action but has not answered, appeared in this action, responded to the instant motion for default judgment, or otherwise defended this action. Accordingly, the Court finds that Defendant has defaulted.

**B. Liability**

When a defendant defaults, the Court is required to accept all of the factual allegations in the complaint as true and draw all reasonable inferences in the plaintiff's favor. See Finkel v.

Romanowicz, 577 F.3d 79, 84 (2d Cir. 2009).[1] However, the Court also must determine whether the allegations in the complaint establish the defendant's liability as a matter of law. Id. Here, the allegations in the Complaint are sufficient to establish Defendant's liability.

## C. Damages

Plaintiff seeks an award of $1,000 in statutory damages and $3,000 in enhanced damages under Section 605 of the FCA. (Plaintiff's Memorandum of Points and Authorities in Support of Plaintiff's Motion for Default Judgment at 10, ECF No. 8-1 ("Pl.'s Mem.").)

### 1. Statutory Damages

Section 605 provides for a per-violation recovery "in a sum of not less than $1,000 or more than $10,000, as the court considers just." 47 U.S.C. § 605(e)(3)(C)(i)(II). "The amount of damages to be assessed pursuant to Section 605 rests within the sound discretion of the Court." J & J Sports Prods. Inc. v. Inga, No. 18-CV-2542, 2019 WL 1320278, at *6 (E.D.N.Y. Mar. 22, 2019). To determine the appropriate amount of statutory damages, "courts in this Circuit utilize either the 'flat fee' or 'per person' method, awarding the higher of the two." Innovative Sports Mgmt., Inc. v. Mejia, No. 20-CV-2943, 2021 WL 7709510, at *6 (E.D.N.Y. Aug. 3), R&R adopted, Electronic Order dated Aug. 6, 2021. Under the flat-fee method, "the plaintiff receives the amount equal to the licensing fee associated with the particular program." Id. Under the per-person method, "the plaintiff receives damages equal to the amount an individual consumer would have paid to view the [event or program] . . . multiplied by the number of consumers who watched the illegally transmitted [event or program]." Id.

Plaintiff alleges that Defendant's restaurant, Bells Kitchen and Smokehouse (the "Restaurant"), had capacity for 30 patrons. (Affidavit of Michael Osgood at 1, ECF No. 8-5

---

[1] Unless otherwise indicated, in quoting cases all internal quotation marks, alterations, emphases, footnotes, and citations are omitted.

("Osgood Aff.").) According to the rate card provided by Plaintiff, based on the Restaurant's 30-person capacity, Defendant would have paid $788.00 in licensing fees to show the Event. (ECF No. 8-4.) Therefore, under the flat-fee method, Plaintiff would be entitled to $788.00 in statutory damages. Plaintiff fails to offer any information about the price each customer would have paid to view the program at home, and as a result, the Court cannot calculate the per-person amount. "Where the plaintiff has failed to provide any evidence of the per-person residential fee, the flat-fee method is appropriate." Joe Hand Promotions, Inc. v. Benitez, No. 18-CV-06476, 2020 WL 5519200, at *5 (E.D.N.Y. Aug. 27, 2020), R&R adopted, 2020 WL 5517240 (E.D.N.Y. Sept. 14, 2020). Accordingly, the Court awards $788.00 in statutory damages. The Court rejects Plaintiff's request for $1,000 in statutory damages as unsupported by authority. See, e.g., Mejia, 2021 WL 7709510, at *6 (E.D.N.Y. Aug. 3, 2021) ("Courts in this District routinely reject similar arguments for heightened statutory damages.") (collecting cases).

**2. Enhanced Statutory Damages**

Plaintiff also seeks enhanced statutory damages of $3,000.00. (Pl.'s Mem. at 8–10.) Section 605(e)(3)(C)(ii) allows the Court, in its discretion, to award up to $100,000.00 in additional damages where "the violation was committed willfully and for purposes of direct or indirect commercial advantage or private financial gain[.]" "To determine whether willful conduct warrants an award of enhanced damages, courts typically consider, inter alia, whether there is evidence of (i) repeated violations; (ii) significant actual damages suffered by the plaintiff; (iii) substantial unlawful monetary gains by defendant; (iv) defendant's advertising of the event; and (v) defendant's collection of a cover charge or premiums for food and drinks." Inga, 2019 WL 1320278, at *7. "If none of the factors are applicable, deterrence concerns and the unauthorized display of the program in and of itself can prompt courts to award enhanced damages." Mejia, 2021 WL 7709510, at *6.

3

Here, Plaintiff has submitted evidence that Defendant advertised the Event on social media, and that Defendant sold drinks to patrons viewing the Event. (See Declaration of Jon D. Jekielek ¶¶ 7–8, ECF No. 8-6 ("Jekielek Decl."); Jekielek Decl. Exs. B–C, ECF Nos. 8-8, 8-9; Osgood Aff. at 1.) However, the Court finds that Plaintiff's allegations and this evidence do not warrant an award of $3,000.00. Instead, the Court will award enhanced damages of twice the statutory amount, or $1,576.00. See Benitez, 2020 WL 5519200, at *6 (awarding enhanced damages of twice the amount of statutory damages where plaintiff established some, but not all, of relevant factors); J & J Sports Prods., Inc. v. James, No. 17-CV-5359, 2018 WL 3850731, at *8 (E.D.N.Y. July 25, 2018), R&R adopted, 2018 WL 3848921 (E.D.N.Y. Aug. 13, 2018) (same).

### D. Attorney's Fees and Costs

Section 605 provides that the Court "shall direct the recovery of full costs, including awarding reasonable attorneys' fees to an aggrieved party who prevails." 47 U.S.C. § 605(e)(3)(B)(iii). Plaintiff requests $1,470.00 in attorney's fees. (Pl.'s Mem. at 13; Jekielek Decl. ¶ 20.) Although Plaintiff's counsel requests an hourly rate of $350, courts in this Circuit have recently deemed an hourly rate of $300 to be reasonable for the same counsel Plaintiff used in this case. See, e.g., Joe Hand Promotions, Inc. v. Batista, No. 20-CV-6460, 2021 WL 3855315, at *9 (S.D.N.Y. July 23, 2021), R&R adopted, 2021 WL 3855311 (S.D.N.Y. Aug. 27, 2021); Benitez, 2020 WL 5519200, at *7. In addition, the Court finds the time expended, 4.2 hours, to be reasonable. See Batista, 2021 WL 3855315, at *9 (finding 3.1 hours to be reasonable in FCA default judgment action). Accordingly, the Court awards attorney's fees in the amount of $1,260.00.

Plaintiff also seeks $612.00 in costs, comprised of the $402.00 filing fee and $210.00 for service of process. (Pl.'s Mem. at 13; Jekielek Decl. ¶ 21.) These amounts are reasonable. See

<u>Batista</u>, 2021 WL 3855315, at *10 (awarding $545.00 in costs for filing fee and service of process). Therefore, Plaintiff is awarded $612.00 in costs.

## II.  CONCLUSION

For the reasons stated above, Plaintiff's motion for a default judgment is GRANTED. The Court awards Plaintiff damages in the amount of $2,364.00, attorney's fees in the amount of $1,260.00, and costs in the amount of $612.00. The Clerk of Court is respectfully directed to enter judgment in Plaintiff's favor and to close this case.

**SO ORDERED.**

Dated: August 30, 2022
Central Islip, New York

                                                            /s/     (JMA)
                                            JOAN M. AZRACK
                                            UNITED STATES DISTRICT JUDGE